UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DEANNA JOY STRATTON,**

    Plaintiff,

v.                                    Case No. 2:21-cv-154-SPC-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## REPORT AND RECOMMENDATION

Before the court is a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 28). The Commissioner of Social Security does not object to the relief sought. For the reasons below, the motion should be granted.

On April 27, 2022, the Commissioner sought remand. (Doc. 25). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 26). Final judgment was entered May 4, 2022. (Doc. 27). Now, Stratton requests a fee award of $6,526.20. (Doc. 28, pp. 4, 8).[1]

---

[1] Plaintiff counsel requests compensation for 30 hours at an hourly rate of $217.87. This would result in a $6,536.10 fee, yet plaintiff counsel requests $9.90 less.

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly

rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Stratton requests 30.0 hours of work performed at $217.87 an hour. (Doc. 28, p. 8). After review of the services provided, the requested hourly rate and hours expended were reasonable.

Accordingly, the court should **GRANT** the unopposed motion for EAJA fees (Doc. 28) and direct the clerk to amend the judgment to include an award to Stratton of **$6,526.20** for attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Stratton.[2]

Respectfully recommended on August 29, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

---

[2] Stratton submitted a fully executed "Social Security Retainer and Fee Agreement." (Doc. 28-2). Stratton waived directed payment of any EAJA fees and assigned them to her attorney. (*Id.*, p. 2).